JS 44 (Rev. 07/16)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Kalkreuth Roofing and Sheet Metal Inc.

**(b)** County of Residence of First Listed Plaintiff: **Ohio County, West Virginia**
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Sharon M. Menchyk, Esquire
Blumling & Gusky, 436 7th Avenue, 1200 Koppers Bldg.
Pittsburgh, PA 15219

## DEFENDANTS
Lobar Associates Inc.
Arch Insurance Company

County of Residence of First Listed Defendant: **York County, PA**
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question *(U.S. Government Not a Party)*
- ☒ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☒ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☒ 2 | ☒ 2 | Incorporated *and* Principal Place of Business In Another State | ☒ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 480 Consumer Credit |
| ☒ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| | | | ☐ 791 Employee Retirement Income Security Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. §1332

Brief description of cause:
Breach of Contract - Construction / Procurement Code Claims

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☐ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____ DOCKET NUMBER _____

DATE: 08/08/2016
SIGNATURE OF ATTORNEY OF RECORD: /s/ Sharon M. Menchyk, Esquire

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KALKREUTH ROOFING AND SHEET METAL, INC. | CIVIL ACTION |
| Plaintiff, | CIVIL ACTION NO. |
| v. | ELECTRONICALLY FILED |
| LOBAR ASSOCIATES, INC. and ARCH INSURANCE COMPANY, | JURY TRIAL DEMANDED |
| Defendants. | |

**COMPLAINT**

Plaintiff, Kalkreuth Roofing and Sheet Metal, Inc., by and through its undersigned counsel, Blumling & Gusky, LLP, hereby files this Complaint against Defendants, Lobar Associates, Inc. and Arch Insurance Company, and in support thereof, avers as follows:

1. Plaintiff, Kalkreuth Roofing and Sheet Metal, Inc. ("Kalkreuth"), is a corporation with its principal place of business located at 53-14th Street, Suite 100, PO Drawer 6399, Wheeling, West Virginia 26003.

2. Defendant, Lobar Associates, Inc. ("Lobar") is a Pennsylvania corporation with its principal place of business located at 4 Barlo Circle, Dillsburg, York County, Pennsylvania 17019-3432.

3. Defendant, Arch Insurance Company ("Arch") is a Missouri corporation with its principal place of business located at 300 Plaza City, Jersey City, New Jersey 07311.

4. Defendant Arch is authorized to issue surety bonds in the Commonwealth of Pennsylvania.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over this matter pursuant to complete diversity of citizenship as described in 28 U.S.C. §1332.

6. Additionally, the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

7. Venue is proper in this District and Division pursuant to 28 U.S.C. §1391, as a substantial part of the events or omissions giving rise to this claim occurred in this District and Division.

8. Defendant Lobar is subject to personal jurisdiction at the time of the commencement of this action due to its regularly conducting business in this District and Division.

9. Defendant Arch is also subject to personal jurisdiction at the time of the commencement of this action due to its regularly conducting business in this District and Division.

## FACTUAL BACKGROUND

10. On or about October 16, 2014, Kalkreuth and Lobar entered into a Subcontract Agreement between Contractor & Subcontractor, Subcontract #141357610S8 ("Subcontract"). A true and correct copy of the Subcontract is attached hereto as **Exhibit "A"** and is incorporated herein by reference.

11. Pursuant to the Subcontract, Kalkreuth agreed to furnish all material and perform all work for Lobar that included, <u>inter alia</u>, roofing work according to plans and specifications on a project located in Fort Indiantown Gap, Lebanon County, Pennsylvania (the "Project") for the United States of America (the "Owner").

12. During the course of performing its Subcontract scope of work on the Project, Kalkreuth was also directed by Lobar to perform work in addition to and beyond the scope of the Subcontract.

13. The work beyond the scope of the Subcontract included the supply and installation of snow guards and the supply and installation of the crimp wall panels ("Additional Work").

14. At all times throughout Kalkreuth's performance of its work, Defendant Lobar observed and approved Kalkrueth' s work on the Project, including but not limited to the Additional Work

15. Kalkreuth completed all of its work under the Subcontract, including the Additional Work in a workmanlike manner.

16. There has been no dispute as to the quality or completion of Kalkreuth's work in accordance with the Subcontract and at no time has there been any notice of any deficiency in Kalkreuth's work.

17. Kalkreuth submitted to Lobar a Subcontractor Application for Payment dated May 16, 2016 for its Subcontract work and Additional Work ("Payment Application"). A true and correct copy of the Payment Application is attached hereto as **Exhibit "B"** and incorporated herein by reference as if fully set forth.

18. The amount payable under the Payment Application is $125,146.84 ("Balance Owed"). **Exhibit "B"**

19. Arch, as surety, issued a payment bond dated October 1, 2014, in favor of the Owner, as obligee, on behalf of Lobar, as the bond principal, for the benefit of any of Lobar's unpaid subcontractors that furnished labor, material, or both at the Project (the "Bond"). A true

and correct copy of the Bond is attached hereto as **Exhibit "C"** and incorporated herein by reference as if fully set forth.

20. In accordance with the terms and conditions of the Bond, if Lobar fails to pay its subcontractors, Arch is required to pay Lobar's subcontractors for furnishing labor and/or material on the Project and/or for the performance of any authorized modifications to the Subcontract.

21. Kalkreuth was a subcontractor who furnished labor and material in the prosecution of the work at the Project.

22. Thus, Arch is responsible to pay Kalkreuth the Balance Owed.

23. Kalkreuth has made demand for payment upon Lobar and Arch.

24. Neither Lobar nor Arch has paid Kalkreuth the Balance Owed.

## COUNT I
### Kalkreuth Roofing and Sheet Metal, Inc. v Lobar Associates, Inc.
### Breach of Contract

25. The preceding Paragraphs are incorporated herein by reference as though fully set forth herein.

26. Kalkreuth and Lobar entered into a valid and binding Subcontract. **See, Exhibit "A"**.

27. Kalkreuth fully performed all of the Subcontract work directed by Lobar.

28. Kalkreuth completed all of its work under the Subcontract, including the Additional Work in a workmanlike manner.

29. Kalkreuth has satisfied all conditions precedent to its right to payment under the Subcontract.

30. Despite repeated demands for payment, Lobar has failed and/or refused to pay Kalkreuth the Balance Owed in the amount of $125,146.84.

31. Lobar's failure and/or refusal to pay Kalkreuth the Balance Owed constitutes a material breach of the terms of the Subcontract.

32. As a direct and proximate result of Lobar's material breach of the Subcontract, Kalkreuth has suffered damages, including but not limited to the outstanding balance of $125,146.84.

WHEREFORE, Plaintiff, Kalkreuth Roofing and Sheet Metal, Inc., respectfully requests that this Honorable Court enter judgment in its favor and against Defendant, Lobar Associates, Inc., in an amount in excess of the jurisdictional limit of $75,000.00, plus interest and such other relief as this Honorable Court deems just and equitable.

## COUNT II
### Kalkreuth Roofing and Sheet Metal, Inc. v Lobar Associates, Inc.
### In the Alternative – Quantum Meruit

33. The preceding Paragraphs are incorporated herein by reference as though fully set forth herein.

34. In the absence of the finding of the existence of a contract between Kalkreuth and Lobar, Lobar is liable to Kalkreuth pursuant to the legal theory of *quantum meruit*.

35. Kalkreuth fully performed all of the Subcontract work and Additional Work directed by Lobar.

36. Lobar benefited from and has been unjustly enriched by Kalkreuth's performance of the work on the Project.

37. Kalkreuth conferred to Lobar the benefit of the work performed on the Project.

38. Lobar has accepted and retained the benefit of Kalkreuth's work on the Project.

39. Lobar has failed and/or otherwise refused to compensate Kalkreuth for work on the Project.

40. Lobar's failure and/or refusal to compensate Kalkreuth has caused Lobar to be unjustly enriched to the detriment of Kalkreuth.

41. Kalkreuth is entitled to the reasonable value of the work on the Project, including the Additional Work in the total amount of $125,146.84.

WHEREFORE, Plaintiff, Kalkreuth Roofing and Sheet Metal, Inc., respectfully requests that this Honorable Court enter judgment in its favor and against Defendant, Lobar Associates, Inc., in an amount in excess of the jurisdictional limit of $75,000, plus interest and such other relief as this Honorable Court deems just and equitable.

### COUNT III
### Kalkreuth Roofing and Sheet Metal, Inc. v Lobar Associates, Inc.
### Violations of the Commonwealth Procurement Code

42. The preceding Paragraphs are incorporated herein by reference as though fully set forth herein.

43. The Project and Kalkreuth's claims herein are governed by the Commonwealth Procurement Code.

44. Kalkreuth has not received proper notification of a good faith claim for a deficiency item pursuant to the Commonwealth Procurement Code, 62 Pa. C.S.A. §3934

45. Kalkreuth is entitled to interest at the statutory rate promulgated by the fiscal code from the date that payment was due pursuant to the Commonwealth Procurement Code, 62 Pa. C.S.A. §3933 (d).

46. Kalkreuth is also entitled to a penalty equal to one percent (1%) per month of the unpaid amounts from the date that payment was due pursuant to the Commonwealth Procurement Code, 62 Pa. C.S.A. §3935 (a).

47. Furthermore, Kalkreuth is entitled to recovery of its attorneys' fees and expenses incurred to recover the payment due pursuant to the Commonwealth Procurement Code, 62 Pa. C.S.A. §3935 (b).

WHEREFORE, Plaintiff, Kalkreuth Roofing and Sheet Metal, Inc., respectfully requests that this Honorable Court enter judgment in its favor and against Defendant, Lobar Associates, Inc., in an amount in excess of the jurisdictional limit of $75,000.00, plus interest and such other relief as this Honorable Court deems just and equitable.

## COUNT IV
### Kalkreuth Incorporated v. Arch Specialty Insurance Company
**Bond Claim**

48. The preceding Paragraphs are incorporated herein by reference as though fully set forth herein.

49. In accordance with the terms and conditions of the Bond, Arch is obligated to pay Kalkreuth for furnishing labor and material, and performing the authorized Additional Work on the Project.

50. Kalkreuth, as a direct subcontractor to Lobar, is a proper claimant under the Bond.

51. Lobar has not compensated Kalkreuth for furnishing labor and material under the Subcontract, or for performing the authorized Additional Work on the Project.

52. Kalkreuth has satisfied all terms and conditions required for payment under the Bond.

53.   Arch has improperly failed and/or refused to honor its obligations under the Bond.

WHEREFORE, Plaintiff, Kalkreuth Roofing and Sheet Metal, Inc., respectfully requests that this Honorable Court enter judgment in its favor and against Defendant, Arch Insurance Company, Inc., in an amount in excess of the jurisdictional limit of $75,000.00, plus interest and such other relief as this Honorable Court deems just and equitable.

Respectfully submitted,

BLUMLING & GUSKY, LLP

/s/ Sharon M. Menchyk
Sharon M. Menchyk, Esquire
Pa. I.D. No. 85559
1200 Koppers Building
436 7th Avenue
Pittsburgh, PA 15219
(412) 227-2500
smenchyk@bglaw-llp.com

*COUNSEL FOR PLAINTIFF,
KALKREUTH ROOFING AND SHEET
METAL, INC.*